# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DENNIS MCCORNELL,

Plaintiff,

v.

MERCY HOSPITAL et. al.,

Defendants.

_______________________________________/

1:05 CV 00333 OWW SMS P

ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM FOR RELIEF (Doc. 1)

**A. INTRODUCTION**

Dennis McCornell ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's Complaint filed on March 10, 2005.

**B. SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners when they are seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915(A). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b)(1). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 79 (1984), *citing*, Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). Reviewing under this standard, the Court must accept Plaintiff's allegations in his Complaint are true. Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976). The Court must also construe the Complaint in light most favorable to the Plaintiff, and resolve all doubts in the Plaintiff's favor. Jankins v. McKeithen, 395 U.S. 411, 421 (1969).

**C. PLAINTIFF'S ALLEGATIONS**

In this Complaint, Plaintiff brings a claim against Defendants' Mercy Hospital, Joseph Chang, Jane Doe, John Doe I, John Doe II, John Doe III, John Doe IV, John Doe V, and John Doe VI for acting deliberately indifferent to his serious medical condition. At an unspecified date, Plaintiff went to Mercy Hospital and he was examined for an oncology. Plaintiff states that Defendant Joseph Chang, a medical doctor at Mercy Hospital, informed him the oncology tests were negative. Plaintiff contends Defendant Joseph Chang asked questions about his medical history, and then suggested Plaintiff should get an Human immunodeficiency virus (HIV) testing.

Plaintiff states he took a HIV test, and the results came out positive. Plaintiff alleges that Defendants' have covered up his positive HIV condition to prisoner officials, and covering up his HIV results constitutes a violation of his Eighth Amendment rights. Plaintiff asks for monetary damages and injunctive relief, among other things.

**D. ANALYSIS**

**1. Section 1983 Linkage Requirement and Federal Rule of Civil Procedure 8(a):**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an affirmative link or connection between the actions of the Defendants' and Plaintiff's alleged deprivation. See Monell v. Dep't of Soc. Serv., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362, 371-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each Defendant with some affirmative act or omission that demonstrates a violation of his constitutional rights.

Rule 8(a) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a). Rule 8(a) expresses the notion of notice-pleading, whereby the pleader is only required to give the opposing party fair notice of a claim. Conley, 355 U.S. at 45-46. Thus, Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47.

Plaintiff's Complaint is not in compliance with section 1983 linkage requirements or Rule 8(a) because it does not connect each Defendant to Plaintiff's alleged harm, and does not consist of a short and plain statement of Plaintiff's claim. First, section 1983 requires Plaintiff to demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Plaintiff has failed to explain how each Defendant is connected with Plaintiff's alleged harm. Second, Plaintiff's claim does not comply with Rule 8(a), calling for a short and plain statement. Fed. R. Civ. Pro. 8(a). Plaintiff's Complaint is illegible and difficult to read due to his small and curvy handwriting. The Court recommends that Plaintiff place a space in between every other line in his Amended Complaint in order for his claim to be legible. Furthermore, Plaintiff does not plainly lay out his claim, and does not place each Defendant on notice as to what they did or did not do to Plaintiff.

The Court will provide Plaintiff with an opportunity to file an Amended Complaint curing these deficiencies. It is ultimately Plaintiff's duty, not the Court's, to set forth his claims with sufficient clarity that the Court and Defendants' are on notice as to which claims are being pursued in this action. In amending the Complaint, Plaintiff is informed that he should only set forth enough facts, so that each Defendant is on notice as to what he or she did or did not do to Plaintiff. In the sections that follow, the Plaintiff is provided with a legal standard that is applicable to the claim he appears to allege. Because Plaintiff has a claim against several Defendants', he should carefully review the legal standard below. After Plaintiff careful reviews the legal standard, he should only file an Amended Complaint if he believes it would give rise to a cognizable claim under section 1983. In Plaintiff's Amended Complaint, he should separate each of the Defendants' acts or omissions to the claim.

**b. Eighth Amendment Medical claim:**

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves both a subjective and objective element. First, the objective prong requires the alleged deprivation to be "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994), *citing* Wilson v. Seiter, 501 U.S. 294, 298 (1991). Second, the subjective prong requires that the prison official acts with a "sufficiently culpable state of mind." Farmer, 511 U.S. at 837. This state of mind is more than mere negligence, but less than intentional conduct undertaken for the very purpose of causing harm. Id. The prison official must know of and disregard an excessive risk to an inmates health or safety. Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support a cause of action for an Eighth Amendment constitutional violation. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), *citing* Estelle, 429 U.S. at 105-06. "[A] complaint that a

physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). A prisoner's mere disagreement with diagnoses or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff alleges that Defendants' acted deliberately indifferent to his serious medical condition because Defendants' covered up his HIV results to prisoner officials. Plaintiff does not specify if or explain how each Defendant knew of and disregarded an excessive risk to Plaintiff's health or safety. Instead, Plaintiff merely states that Defendants' covered up his HIV results. In the Amended Complaint, Plaintiff needs to specify how Defendant's covered up his HIV results, and to whom they specifically covered the results to. Also, Plaintiff will need to state the alleged harm that arose from Defendant's covering up his HIV condition, and that each Defendant knew about this harm and had disregarded this excessive risk to Plaintiff's health and safety.

**E. CONCLUSION**

The Court finds it necessary to dismiss the Complaint in its entirety for failure to comply with the linkage requirements in section 1983 and failure to comply with rule 8(a). The Court has provided a legal standard that appears to be applicable to Plaintiff's claim and will provide Plaintiff with an opportunity to amend the deficiencies of this Complaint. In drafting the Amended Complaint, Plaintiff is cautioned that it is his responsibility to organize the Complaint so that defendants and the Court can readily ascertain what claims Plaintiff is pursuing against which defendants.

Plaintiff is advised that the Court cannot refer to a prior pleading in order to make Plaintiff's Amended Complaint complete. Local Rule 15-220 requires that an amended

complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an Amended Complaint, as an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's Complaint is dismissed with leave to amend; and

2. Plaintiff is granted thirty (30) days from the date of service of this order to file an Amended Complaint;

3. The failure to file an Amended Complaint that complies with this order may result in an order striking the Amended Complaint from the record; and

4. The failure to file an Amended Complaint will result in a recommendation that this action be dismissed, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

**Dated: June 26, 2006** **/s/ Sandra M. Snyder**
icido3 UNITED STATES MAGISTRATE JUDGE