IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DENNIS McCORNELL, | ) | 1:05-cv-00333-OWW-SMS-P |
| Plaintiff, | ) | |
| vs. | ) | **FINDINGS AND RECOMMENDATIONS RE DISMISSAL OF ACTION** |
| MERCY HOSPITAL, et al., | ) | (Doc. 14) |
| Defendants. | ) | |

Dennis McCornell ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On June 26, 2006, the court issued an order requiring plaintiff to file an Amended Complaint within thirty (30) days from the date of service of that order. The thirty-day period has passed, and plaintiff has failed to comply with or otherwise respond to the court's order.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District

courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

//

In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The court's order of June 26, 2006, expressly stated: "The failure to file an Amended Complaint will result in a recommendation that this action be dismissed, without prejudice, for failure to obey a court order."  Thus, plaintiff had adequate warning that dismissal would result from non-compliance with the court's order.

Accordingly, the court HEREBY RECOMMENDS that this action be DISMISSED, without prejudice, based on plaintiff's failure to obey the court's order of June 26, 2006.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     September 7, 2006**             /s/ **Sandra M. Snyder**
icido3                                                        UNITED STATES MAGISTRATE JUDGE